PER CURIAM.
Appellant was tried and convicted of aggravated assault. Notice of Appeal was filed on September 9 1957, and the record on appeal was filed in this court on October 17, 1957. Under the rule appellant’s brief was due, therefore, on November 16, 1957. It was not filed, nor was any request for extension of time sought or granted prior to the date on which the brief was due. On February 6, 1958, appellant, through his counsel, filed a motion requesting an order extending the time for filing his brief, the ground of the motion being that appellant’s attorney had not yet been paid his full fee, but that appellant expected to pay it within a short time. We denied that motion, and *828 on February 25, 1958, the State moved to dismiss the appeal for appellant’s failure to file his brief as required by the rules of this court. Thereafter on March 6, 1958, before a hearing was held on the State’s motion to dismiss the appeal, appellant filed his brief in the cause. At a hearing on the motion to dismiss, appellant’s counsel appeared and sought to excuse his failure to comply with the rule relative to the filing of briefs, and his failure to timely seek an order of extension, on the ground that he was waiting for payment of the balance due on his fee before preparing and filing a brief on behalf of his client.
Such an excuse as made by counsel is no excuse at all. It is both inadequate and unconscionable, counsel having admitted on oral argument that he had initially received from appellant the sum of $300 on account of his fee for handling the appeal.
 Once having become attorney of record on appeal in this court, counsel owes both his client and the court a duty to diligently prosecute his appeal as required by the rules, regardless of the success or failure of his financial arrangements regarding fee. If the client fails to perform his part of the fee agreement, the procedure by which counsel may be excused from further participation is to show good cause for, and obtaining consent of the court, to withdraw as counsel. This court looks with disfavor upon the failure of counsel to diligently and properly represent the interest of his client on the tenuous excuse that he is waiting until his arrangements for fee have reached fruition.
Motion to dismiss this appeal is granted because of failure by appellant to file his brief within the time required by the rule. We have, as a preliminary to this action and in the interest of justice, carefully examined the record including the brief filed by appellant, and find that it failed to show reversible error.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD IC, JJ„ concur.